UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANIEL BARRY COUCH,

        Petitioner,

v.                                                                               CASE NO. 06-CV-15119
                                                                             HONORABLE ARTHUR J. TARNOW

JAN TROMBLEY.

        Respondent.
                                               /

**ORDER DENYING PETITIONER'S SUPPLEMENTAL MOTION
FOR CONDITIONAL RELEASE PENDING HABEAS REVIEW**

       This matter is before the Court on Petitioner's supplemental motion for release on bond pending the resolution of his habeas petition. Respondent has filed an answer to the supplemental motion at the Court's request. Petitioner has filed a reply to that answer. The Court denied Petitioner's initial motion for bond on May 23, 2007.

       The United States Court of Appeals for the Sixth Circuit has stated that to receive bond pending a decision in a federal habeas case,

> [P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' *Aronson v. May*, 85 S. Ct. 3, 5; 13 L. Ed. 2d 6, 9 (1964) [additional citations omitted]. There will be few occasions where a prisoner will meet this standard.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). Federal district courts may grant bail when granting the writ. *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984). However, to grant bond prior to making a determination on

1

the merits is extraordinary. *Moore v. Egeler*, 390 F. Supp. 205, 207 (E.D. Mich. 1975) (Feikens, J.). This is not such a case. Petitioner seeks release on bond due to health care problems arising from an eye condition. While the Court is sympathetic to Petitioner's medical concerns, such concerns do not provide a basis for granting bond in this case. Petitioner's pleadings and Respondent's answer to the supplemental motion indicate that Petitioner's eye condition is not dire nor life-threatening, and the records indicate that the Michigan Department of Corrections is providing ongoing treatment. *Cf. Puertas v. Overton*, 272 F. Supp. 2d 621 (E.D. Mich. 2003) (bond appropriate where Petitioner presented a substantial claim of law and suffered from life-threatening and insufficiently treated coronary artery disease and bladder cancer). The Court is not persuaded that the interests of justice require release on bond pending resolution of the habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's motion is **DENIED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: August 3, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary